IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **LAURI VALJAKKA,**<br><br>    Plaintiff,<br><br>v.<br><br>**(1) COX COMMUNICATIONS, INC.,**<br>**(2) COX ENTERPRISES, INC.**<br><br>    Defendants. | **Civil Action No. 6:22-cv-00497**<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Lauri Valjakka ("Lauri" or "Plaintiff"), files this Complaint for Patent Infringement against Cox Communications, Inc. and Cox Enterprises, Inc. (collectively "Cox" or "Defendants"), and would respectfully show the Court as follows:

### PARTIES

1. Plaintiff is a citizen of Finland having an address located at Valtakatu 51, Vapaudenaukio Technopolis 2, 53100 Lappeenranta, Finland.

2. On information and belief, Defendants are Delaware corporations with a principal address of 6205-B Peachtree Dunwoody Road NE, Atlanta, Georgia 30328. Cox Communications, Inc. is an operating subsidiary of Cox Enterprises, Inc.

3. Cox Communications and Cox Enterprises are each individually liable and are jointly and severally liable for infringement of the patent-in-suit. Under theories of alter ego, single business enterprise liability, and agency, the conduct of each can be attributed to and considered the conduct of the others for purposes of infringement of the Patent-in-Suit. Cox Communications and Cox

1

Enterprises have in the past and continue to hold themselves out as a single entity – "Cox" – acting in concert, with knowledge of each other's actions and control over each other.

4. Defendants have regular and established places of business throughout this District, including at least at 10415 Morado Circ, #200 Austin TX 78613. *See* https://jobs.coxenterprises.com/locations/austin/. Defendants are registered to do business in Texas and has may be served via its registered agent at Corporation Service Company, located at 251 Little Falls Drive, Wilmington, Delaware 19808.

5. On information and belief, Defendants directly and/or indirectly develop, design, manufacture, distribute, market, offer to sell and/or sell infringing products and services in the United States, including in the Western District of Texas, and otherwise directs infringing activities to this District in connection with its products and services.

## **JURISDICTION**

6. This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285 based on Defendants' unauthorized commercial manufacture, use, importation, offer for sale, and sale of the Accused Products in the United States. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

7. This United States District Court for the Western District of Texas has general and specific personal jurisdiction over Defendants because, directly or through intermediaries, Defendants have committed acts within the District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of Texas.

8. Plaintiff's causes of action arise, at least in part, from Defendants' contacts with and activities in this District and the State of Texas.

9. Defendants have committed acts of infringing the patent-in-suit within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products claimed by the patent-in-suit, including without limitation products made by practicing the claimed methods of the patent-in-suit. Defendants, directly and through intermediaries, make, use, sell, offer for sale, import, ship, distribute, advertise, promote, and/or otherwise commercialize such infringing products into this District and the State of Texas. Defendants regularly conduct and solicit business in, engage in other persistent courses of conduct in, and/or derive substantial revenue from goods and services provided to residents of this District and the State of Texas.

10. This Court has personal jurisdiction over Defendants pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq*. Personal jurisdiction exists over Defendants because Defendants have minimum contacts with this forum as a result of business regularly conducted within the State of Texas and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Texas and this District. This Court has personal jurisdiction over Defendants, in part, because Defendants do continuous and systematic business in this District, including by providing infringing products and services to the residents of the Western District of Texas that Defendants knew would be used within this District, and by soliciting business from the residents of the Western District of Texas. For example, Defendants are subject to personal jurisdiction in this Court because, *inter alia*, Defendants have regular and established places of business throughout this District, including at least at 10415 Morado Circ, #200 Austin TX 78613, and directly and through agents regularly do, solicit, and transact business in the Western District of Texas. Also, Defendants have hired and are hiring within this District for positions that, on information and belief, relate to infringement of the patent-in-suit. Accordingly,

this Court's jurisdiction over the Defendants comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendants' purposeful minimum contacts with the State of Texas.

11. This Court also has personal jurisdiction over Defendants, because in addition to Defendants' own online website and advertising with this District, Defendants have also made its products available within this judicial district and advertised to residents within the District to hire employees to be located in this District.

12. The amount in controversy exceeds $75,000 exclusive of interests and costs.

13. Venue is proper in this Court under 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. Further, upon information and belief, Defendants have committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District. In addition, and without limitation, Defendants have regular and established places of business throughout this District, including at least at 10415 Morado Circ, #200 Austin TX 78613.

## THE PATENT-IN-SUIT

14. On July 28, 2020, United States Patent No. 10,726,102 ("the '102 Patent"), entitled "Method Of and System For Providing Access to Access Restricted Content to a User" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '102 Patent claims patent-eligible subject matter and is valid and enforceable. Lauri is the exclusive owner by assignment of all rights, title, and interest in the '102 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '102 Patent. Defendants are not licensed to the '102 Patent, either expressly or

implicitly, nor do they enjoy or benefit from any rights in or to the '102 patent whatsoever. A true and correct copy of the '102 patent is attached hereto as **Exhibit A**.

15. The '102 Patent is referred to herein as the "patent-in-suit."

16. Plaintiff Lauri is the owner of the entire right, title, and interest in and to the patent-in-suit. The patent-in-suit is presumed valid under 35 U.S.C. § 282.

## ACCUSED INSTRUMENTALITIES

17. The term "Accused Instrumentalities" or "Accused Products" refers to, by way of example and without limitation, Cox's Contour Application (*e.g.* https://www.cox.com/residential/tv/learn/contour-app.html).

## COUNT I
## PATENT INFRINGEMENT OF THE '102 PATENT

18. Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

19. Defendants have, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 10 of the '102 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendants' Accused Products.

20. On information and belief, Defendants have made no attempt to design around the claims of the '102 Patent.

21. On information and belief, Defendants did not have a reasonable basis for believing that the claims of the '102 Patent were invalid.

22. On information and belief, Defendants' Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

23. Lauri has been damaged as the result of Defendants' infringement.

24. The claim chart attached hereto as **Exhibit B** describes how the elements of an exemplary claim 10 from the '102 Patent are infringed by the Accused Products. This provides details regarding only one example of Defendants' infringement, and only as to a single patent claim. Plaintiff reserves its right to amend and fully provide its infringement arguments and evidence thereof until its Preliminary and Final Infringement Contentions are later produced according to the court's scheduling order in this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lauri respectfully requests the following relief:

A. A judgment that Defendants have directly infringed either literally and/or under the doctrine of equivalents and continue to directly infringe the patent-in-suit;

B. A judgment and order requiring Defendants to pay Plaintiff damages under 35 U.S.C. § 284 including past damages based on, *inter alia*, any necessary compliance with 35 U.S.C. §287, and supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

C. A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

D. A judgment and order requiring Defendants to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

E. A judgment and order awarding a compulsory ongoing royalty;

F. A judgment and order awarding Plaintiff costs associated with bringing this action;

G. Such other and further relief as the Court deems just and equitable.

## JURY TRIAL DEMANDED

Pursuant to FED. R. CIV. P. 38, Plaintiff Lauri hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

**Ramey LLP**

*/s/William P. Ramey, III*
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for Lauri Valjakka***